**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-7194

KEITH EDWARD MOSS,

Plaintiff - Appellant,

v.

CHADWICK S. DOTSON,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:23-cv-00153-AWA-LRL)

Submitted:  April 24, 2025                           Decided:  April 29, 2025

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Keith Edward Moss, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Edward Moss seeks to appeal the district court's order dismissing his action as legally frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). Moss noted his appeal on December 6, 2024,[1] after the 30-day appeal period expired. However, in his notice of appeal, Moss requested an extension of the appeal period.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on October 29, 2024. Moss therefore had until November 28, 2024, to timely file his notice of appeal. The 30-day excusable neglect period ended on Monday, December 30, 2024.[2] *See* Fed. R. App. P. 4(a)(5)(A). Moss's notice of appeal and request for an extension of the appeal period were filed within the 30-day excusable neglect period.

---

[1] Moss stated under penalty of perjury that he had deposited his notice of appeal in the prison mail system on December 6, 2024, for mailing to the district court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The 30th day fell on Saturday, December 28, so Moss had until Monday, December 30, to request an extension under Rule 4(a)(5). *See* Fed. R. App. P. 26(a)(1).

2

Accordingly, we remand this case to the district court for the limited purpose of allowing the court to determine whether Moss has shown good cause or excusable neglect warranting an extension of the appeal period under Rule 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*